**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

SEP 3 0

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

| | | |
|---|---|---|
| LARRY FORD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-661-C |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner, Larry Ford, TDCJ # 1378242, is a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice in Kenedy, Texas.

Respondent William Stephens is the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.

## C. Factual and Procedural History

On April 14, 2008, pursuant to a plea bargain agreement, petitioner pleaded guilty to aggravated robbery with a deadly weapon in Case No. 1023122R in the Criminal District Court Number Four of Tarrant County, Texas, and true to a repeat offender allegation and was sentenced to fifteen years' confinement. (SHR at 35[1]) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On May 14, 2013, petitioner filed an application for writ of habeas corpus in state court, raising the claim presented herein, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court.[2] (SHR at cover) Petitioner filed this federal petition for writ of habeas corpus on August 8, 2013.[3] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. Issues

Petitioner raises one ground for habeas relief, in which he claims he was denied his right to counsel under the Sixth Amendment at arraignment. (Pet. at 6)

---

[1] "SHR" refers to the court record of petitioner's state habeas application no. WR-77,186-03.

[2] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The petition does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on May 14, 2013; thus, for purposes of these findings, the undersigned deems the state application filed on May 14, 2013. (SHR at 13)

[3] A pro se federal habeas petition is deemed filed when the petition is placed in the prison mailing system, however petitioner does not indicate the date he placed the document in the prison mailing system. (Pet. at 10) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## E.  STATUTE OF LIMITATIONS

Respondent argues the petition should be dismissed with prejudice as time-barred.  (Resp't

Prel. Resp. at 1-6)  Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a

petition for federal habeas corpus relief.  The provision provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review" under subsection (A).  For purposes of this provision, the judgment

of conviction became final and the one-year limitations period began to run upon expiration of the

3

time that petitioner had for filing a timely notice of appeal on May 14, 2008, and closed one year later on May 14, 2009, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5ᵗʰ Cir. 1998).

Petitioner's state habeas application, filed on May 14, 2013, four year after the limitations period expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5ᵗʰ Cir. 2000). Nor has petitioner alleged or demonstrated that he is entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). Petitioner asserts that on or about April 14, 2008, he was bench-warranted from his assigned pison unit to the Fort Worth County jail to answer other pending criminal charges and was not allowed to take his property and "transcripts" with him. After disposing of the Tarrant County charges, he asserts that he was not transferred back to the same unit but was instead in transit through three different prison units until he reached his newly assigned unit. As a result of these transfers, he asserts his trial "transcripts" were lost or stolen and he could not afford to purchase the transcripts again. (Pet. at 9; Pet'r Resp.[4]) Difficulty obtaining records, indigence, and transfers between prison units however are common problems among inmates who are trying to pursue postconviction habeas relief. *Scott v. Stephens,* No. 4:13-CV-384-A, 2013 WL 3870648204, at *3 (N.D.Tex. July 25, 2013). Further, petitioner raises one ground for habeas relief and makes no effort to explain why his state court records were necessary to advance his claim. Finally, petitioner's excessive delay in seeking federal habeas relief further

---

[4]This document is not paginated.

mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5ᵗʰ Cir. 1999).

In sum, petitioner's federal petition was due on or before January May 14, 2009; therefore, his petition filed on August 8, 2013, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October __21__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted October __21__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED __September 30__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE